# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JOHN EATON HOMES, INC.,** § | |
| § | |
| § | |
| **PLAINTIFF,** § | |
| § | |
| VS. § | **Case No.:** |
| § | |
| **ELITE FOUNDATIONS, LLC** § | |
| § | |
| **DEFENDANT.** § | |

## COMPLAINT

## STATEMENT OF THE PARTIES

1. Plaintiff John Eaton Homes, Inc. (hereinafter "JEH") is an Indiana corporation doing business by agent in Tuscaloosa County, Alabama.

2. Defendant Elite Foundations, LLC (hereinafter "Elite") is an Alabama limited liability company doing business by agent in Tuscaloosa County, Alabama.

## JURISDICTION & VENUE

3. This is an action for damages which exceeds the sum of $75,000.00, excluding interest and costs.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) (1) as Plaintiff JEH is an Indiana corporation and citizen, and Defendant Elite is an Alabama limited liability company and citizen.

5. The Court has supplemental jurisdiction over the subject matter of the state law causes of action pursuant to 28 U.S.C. § 1367(a).

6. The Court has personal jurisdiction because each party hereto has at some point had an ownership, possessory, contractual, or other protectable interest in the Tuscaloosa County, Alabama real estate which is the subject matter of this litigation.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) (2) and (3) because a substantial part of the events giving rise to this cause of action occurred within the Northern District of Alabama, Western Division and the real property which is the subject matter of the contractual dispute between the parties is located in Tuscaloosa County, Alabama.

## FACTUAL ALLEGATIONS

8. Plaintiff, JEH, is a construction company that is licensed to build new residential homes in a number of States, including Alabama.

9. In 2015, JEH provided to Elite blueprints and other specifications and plans for a multimillion dollar house that JEH had contracted to build for a client on Lake Tuscaloosa, Alabama (herein the "Property").

10. JEH requested that Elite determine the design and cost necessary to install concrete slab and foundation walls for the house (including an attached

garage that was to be built on steeply sloping ground, requiring foundation walls to hold and support the concrete slab and fill that was to be placed beneath it).

11. Elite represented that it was qualified and able to design and install such concrete slabs and walls, and then proceeded to provide an estimate for the project to JEH that outlined the costs and quantities of materials and labor necessary for installing the slab.  A true and accurate copy of this document is attached hereto as Exhibit A.

12. JEH and Elite entered into an agreement that Elite would install the concrete slabs and walls based on the pricing and in the manner proposed by Elite.

13. JEH specifically contracted for and relied on Elite's stated expertise and knowledge to determine the thickness of foundation walls and amount and nature of materials needed for the project (including, for example, the amount of rebar that was necessary to ensure the poured walls were strong enough to support the Property as designed and planned).

14. Elite eventually completed the work in late July, 2015, approximately three weeks later than the date of completion that had been agreed to by Elite and JEH.

15. Elite invoiced JEH for this work upon completion via two separate invoices, including one for $27,127.21 on July 28, 2015, and a second for

$7,826.00 on August 4, 2015.  True and accurate copies of these invoices are attached as Exhibit B.

16.     JEH promptly paid each of these invoices within days of their receipt, including by wire transfer for the first amount on July 30, 2015, and a check for the second amount on August 10, 2015.

17.     With Elite's services finally complete, JEH proceeded to continue to construct the Property.

18.     Unbeknownst to JEH, Elite breached the parties' agreement and acted negligently by installing foundation walls beneath the slab for the attached garage that were not thick or strong enough to support the weight of the attached garage as designed.

19.     This faulty work was not discovered until after the garage had been constructed, at which time the inadequately designed and installed foundation walls and slab caused not only damage to itself, but also damage to the subsequently built Property, including by manner of the garage itself beginning to detach/pull away from the attached residential area and fall over (down the hill on which it was built).

20.     JEH notified Elite of the defects identified above, but Elite did not and/or could not remedy or cure the issues.

21. In order to prevent the entire garage from collapsing, and in an attempt at mitigating its damages, JEH took immediate and emergency efforts that included the erection and attachment of external pillars along the exterior of the garage.

22. Since that time, JEH has sought compensation for the damages caused by and incurred due to Elite's actions as described above, but as of the filing of this lawsuit, has received no such compensation.

23. All conditions precedent to the claims set forth herein have been satisfied, waived, or have occurred.

## COUNT I
## BREACH OF CONTRACT

24. Plaintiff adopts and incorporates the foregoing paragraphs 1-23 by reference into this count, and further states as follows:

25. JEH and Elite entered into a contract for Elite to design and install the slab and foundation of an attached garage at the Property.

26. Elite breached this contract, as detailed more fully above.

27. Elite's breach of contract has proximately caused damages to JEH in an amount to be determined at trial.

**WHEREFORE THESE PREMISES CONSIDERED**, Plaintiff demands judgment against all Defendant, for all consequential and contractual damages,

plus interest, costs, and any other appropriate damages or amounts as allowed by law and to be determined by the trier of fact and the Court.

## COUNT II
## NEGLIGENCE

28. Plaintiff adopts and incorporates the foregoing paragraphs 1-23 by reference into this count, and further states as follows:

29. Elite owed a duty to JEH to adequately design and install concrete slab and foundation walls at the Property in a manner that would support and allow for the construction of the house and attached garage at the Property.

30. Elite breached this duty by designing and installing a concrete slab and foundations walls that were insufficient to support the attached garage for the Property.

31. This breach of duty constitutes negligence that proximately caused damages to JEH, including but not limited to the amounts incurred by JEH to make repairs to the garage (a portion of the Property that was separate from the concrete work contracted for and provided by Elite) and prevent additional damage from occurring (including the complete collapse of the garage).

**WHEREFORE THESE PREMISES CONSIDERED**, Plaintiff demands judgment against all Defendant, for all consequential and contractual damages, plus interest, costs, and any other appropriate damages or amounts as allowed by law and to be determined by the trier of fact and the Court.

## COUNT III
## BREACH OF WARRANTY

32. Plaintiff adopts and incorporates the foregoing paragraphs 1-23 by reference into this count, and further states as follows:

33. Elite warranted the construction work it performed, including but not limited to specifically the warranty that Elite's work would be performed in a good and workmanlike manner.

34. Elite breached this warranty by designing and installing a concrete slab and foundations walls that were insufficient to support the attached garage for the Property.

35. This breach of warranty proximately caused damages to JEH, including but not limited to the amounts incurred by JEH to make repairs to the garage (a portion of the Property that was separate from the concrete work contracted for and provided by Elite) and prevent additional damage from occurring (including the complete collapse of the garage).

**WHEREFORE THESE PREMISES CONSIDERED**, Plaintiff demands judgment against all Defendant, for all consequential and contractual damages, plus interest, costs, and any other appropriate damages or amounts as allowed by law and to be determined by the trier of fact and the Court.

## COUNT IV
## INDEMNITY

36. Plaintiff adopts and incorporates the foregoing paragraphs 1-23 by reference into this count, and further states as follows:

37. Elite was unjustly enriched at the expense of JEH because Elite discharged a liability that should be Elite's responsibility to pay when JEH incurred the expense required to remedy damages caused by Elite's installation of a slab and foundation walls that were insufficiently designed and/or built to bear the weight of the attached garage at the Property.

38. JEH is entitled to indemnification from Elite in amount equal to the liability incurred by JEH that should be Elite's responsibility to pay.

**WHEREFORE THESE PREMISES CONSIDERED**, Plaintiff demands judgment against all Defendant, for all consequential and contractual damages, plus interest, costs, and any other appropriate damages or amounts as allowed by law and to be determined by the trier of fact and the Court.

Respectfully submitted,

s/Joshua P. Hayes
Joshua P. Hayes  (ASB-4868-H68H)
Prince, Glover & Hayes
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: jhayes@princelaw.net

## COMPLAINT TO BE SERVED VIA CERTIFIED MAIL

Elite Foundations, LLC
c/o Renee Davis (Registered Agent)
50 Lake Lane
Cropwell, AL 35054